UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
04-CV-4380(JMR/RLE)

| | | |
|---|---|---|
| James W. Willhite and Bonnie M. Willhite | ) ) ) | |
| v. | ) ) | ORDER |
| Don Collins et al. | ) | |

On November 21, 2005, this Court issued an Order imposing sanctions on plaintiffs' counsel, David M. Van Sickle. The Order was premised on counsel maintaining a clearly barred and impermissible action in this Court. Invoking its inherent authority, the Court ordered Mr. Van Sickle to pay one-half of defendants' attorney's fees incurred in defending the federal action. Invoking its authority under Rule 11 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Court also suspended Mr. Van Sickle from practice in the District of Minnesota. The Court conditioned reinstatement upon payment of the imposed attorney's fees, and upon counsel providing proof that he had taken and passed a law school course in federal jurisdiction.

Mr. Van Sickle appealed the sanctions to the Eighth Circuit Court of Appeals. Willhite v. Collins, 459 F.3d 866 (8th Cir. 2006). The Eighth Circuit affirmed this Court's finding of misconduct, the imposition of sanctions generally, and the sanction requiring payment of one-half of defendants' attorney's fees. Id. at 869-70. Remanded for reconsideration, however, was counsel's suspension from practice, and the requirement that he take and pass

a course in federal jurisdiction.  Id. at 870-71.

I. Federal Jurisdiction Course

The Eighth Circuit Court recognized counsel's need for education in the law of federal jurisdiction, but questioned the form of education required, expressing concern about "the burden it would impose on a law school to accept a practicing attorney as a student." Id. at 870.  The Eighth Circuit encouraged this Court to consider requiring Mr. Van Sickle to attend a continuing legal education class, rather than a law school course, citing Bergeron v. Northwest Publications, Inc., 165 F.R.D. 518, 522 (D. Minn. 1996). Willhite, 459 F.3d at 870.

In Bergeron, the district court sanctioned an attorney who filed a complaint without making a reasonable investigation of the facts, as well as multiple confusing and contradictory motions. 165 F.R.D. at 522.  The court found the attorney's pleadings evidenced a fundamental lack of knowledge of the Federal Rules of Civil Procedure. Id.  Invoking Fed. R. Civ. P. 11, the court ordered the attorney to complete a private course in the Federal Rules of Civil Procedure and the local rules of the district court. Bergeron, 165 F.R.D. at 523.  The court required that the course be taught by a law professor from an accredited law school, that it consist of 40 hours of individualized instruction, and that the law professor certify the attorney's proficiency in practicing under the rules. Id.  Implicit in the court's decision was its determination that a continuing legal education class could not

afford the "thorough education" required to deter future frivolous litigation.  See id. at 522.

The Bergeron court is not alone in finding that a continuing legal education course "would be insufficient to fill the gap in counsel's knowledge."  Id. at 522 (citing Curran v. Price, 150 F.R.D. 85, 86 (D. Md. 1993), see e.g. U.S. Bank Nat'l Assoc., N.D. v. Sullivan-Moore, 406 F.3d 465, 469-72 (7th Cir. 2005) (affirming lower court's Rule 11 sanction requiring all attorneys in firm to attend 16-hour civil procedure course).  In Curran, the court found an attorney who demonstrated ignorance of federal removal law needed more targeted legal instruction than a continuing legal education course could offer.  150 F.R.D. at 86-87.  The court required counsel to copy, in longhand, certain portions of teaching material on the law of federal removal.  Id. at 87.  Similarly, in Field v. Gates, a judge sanctioned an attorney who filed false documents and engaged in judge-shopping by requiring him to attend a full course in ethics and professional responsibility at an accredited law school.  184 F.R.D. 342, 345 (C.D. Cal. 1999).

Here, Mr. Van Sickle demonstrated his ignorance of the Rooker-Feldman doctrine, as well as the basic doctrines of res judicata and collateral estoppel.  See Willhite v. Collins, 385 F. Supp. 2d 926, 928-930 (D. Minn. 2005).  He had already been sanctioned multiple times in state court for repeatedly bringing the same claims.  See id. at 927-928.  This Court hasn't the slightest hesitation in saying that a marginally-competent second-year law

student would have recognized that the claims Mr. Van Sickle advanced in federal court were barred. The previous state court sanctions - for the very same claims - surely gave him notice that their further pursuit might be at his hazard.

If Rule 11 exists for any purpose, it is to deter future attorney misconduct. See Fed. R. Civ. P. 11 advisory committee notes (1993 amendments). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." Id.; see also Pope v. Federal Express Corp., 49 F.3d 1327, 1328 (8th Cir. 1995) (according broad discretion to the district court to determine an appropriate sanction). The Court finds that a comprehensive course on federal jurisdiction is necessary to deter Mr. Van Sickle from filing similarly untenable claims in federal court.

A continuing legal education course, already required for every lawyer to maintain licensure, is absolutely insufficient to the Court's purpose of ensuring that Mr. Van Sickle understands federal jurisdiction and is competent to practice in federal court. He needs a course requiring active participation and an objective review of his having absorbed the material, as opposed to simply showing his ability to sit in a room when a lecture is given.

4

To alleviate the appellate court's concern that a formal course requirement may impose an undue burden on a law school, this Court modifies its Order, and directs that Mr. Van Sickle may elect to take his course either privately or through a law school. If taken privately, it must be at least a 40-hour course taught by a professor or instructor from an accredited law school. The professor must certify Mr. Van Sickle's successful completion of the course to the Court. Regardless of the instructional mode Mr. Van Sickle chooses, he must submit the name of the instructor, an outline of the course, and a syllabus to the Court prior to its commencement.

II. Suspension from Practice in the District of Minnesota

This Court's previous Order suspended Mr. Van Sickle's admission to practice in the District of Minnesota until he had paid the attorney's fees and passed a course in federal jurisdiction. The Eighth Circuit remanded the suspension order, finding that suspension pending the payment of a monetary sanction could become "a de facto disbarment." Willhite, 459 F.3d at 871. The Eighth Circuit further advised that Local Rule 83.6 for the District of Minnesota sets forth procedures that must be followed in suspending an attorney's admission to practice. Id.

In accordance with the Eighth Circuit's instruction, this Court vacates Mr. Van Sickle's suspension from practice. The Court, instead, invokes the District of Minnesota's Local Rule 83.6(e), and hereby refers the matter of Mr. Van Sickle's

5

suspension from practice in this District to counsel for investigation. The Court makes the recommendation to the investigating attorney that Mr. Van Sickle's admission be suspended until he submits proof of compliance with the educational sanction.

Accordingly, IT IS ORDERED that:

1. The suspension of David M. Van Sickle's admission to practice in the District of Minnesota [Docket No. 215] is vacated.

2. David M. Van Sickle must take and pass a course in federal jurisdiction in accordance with this Order.

3. The matter of David M. Van Sickle's admission to practice in this Court is referred to counsel for investigation pursuant to Local Rule 83.6(e).

Dated:  May 24th, 2007

    s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge